AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br><br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>1) One HP Pavilion a1025c (S/N: MXK5170CCD); and<br>2) One Samsung Galaxy S6 model SM-G920A<br>(IMEI: 359652060637068), as fully described in Attachment A | )<br>)<br>)<br>)<br>)<br>)   Case No. 5,18-mJ-242 (TWD) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
1) One HP Pavilion a1025c (S/N: MXK5170CCD); and 2) One Samsung Galaxy S6 model SM-G920A (IMEI: 359652060637068), as fully described in Attachment A

located in the _____Northern_____ District of _____New York_____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2251 | Sexual Exploitation of a Minor |
| 18 U.S.C. Section 2252A | Distribution, Receipt, Transmission and Possession of Child Pornography |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Lon Ziankoski, Special Agent HSI
*Printed name and title*

ATTESTED TO BY THE APPLICANT IN ACCORDANCE
WITH THE REQUIREMENTS OF RULE 4.1
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Sworn to before me and signed in my presence.

Date: May 4, 2018

_____
*Judge's signature*

City and state:  Syracuse, New York

Hon.Thérèse Wiley Dancks, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A
## DESCRIPTION OF THE ELECTRONIC ITEMS TO BE SEARCHED

The Subject Electronic Devices:

1) One HP Pavilion a1025c (S/N: MXK5170CCD) currently secured at the New York State Police Computer Crime Unit, Troop D evidence vault, business address: 261 Genesee Street, Oneida, New York, 13421.

2) One Samsung Galaxy S6 model SM-G920A (IMEI: 359652060637068) currently secured at the Oswego County District Attorney's office business address: 39 Churchill Road, Oswego, New York 13126.

## **ATTACHMENT B**

Items and information that constitute fruits, evidence and instrumentalities of violations of 18 U.S.C. § 2251(a)(employing, using, persuading, inducing, enticing and coercing a person under the age of eighteen to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct); 18 U.S.C. § 2252A(a)(2)(A) (5)(B) (distribution, receipt and transmission of child pornography); 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

a.      Any and all visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

b.      Internet history including evidence of visits to websites that offer visual depictions of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256.

c.      Correspondence or other documentation identifying persons transmitting through interstate or foreign commerce, including by mail or computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

d.      Computer and cellular telephone records and evidence identifying who the particular user was who produced, downloaded, transmitted or possessed any child pornography found on any computer, cellular telephone or computer media.

e.      Correspondence and other matter pertaining to the production, purchase, possession, receipt or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in Title 18 United States Code, Section 2256, and evidence that would assist in identifying any victims of the above-referenced criminal offenses, including address books, names, and lists of names and addresses of minors, or other information pertinent to identifying any minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

f.      Any and all child erotica, including photographs of children that are not

sexually explicit, drawings, sketches, fantasy writings, and notes evidencing an interest in unlawful sexual contact with children, and evidence assisting authorities in identifying any such children.

g.      Any and all records or communications evidencing an intent, or conspiracy, or plan to engage in sexually explicit conduct with a child.

h.      Any and all electronically stored records reflecting personal contact and any other activities with minors.

i.      Any notes, writings or other evidence that would assist law enforcement in identifying additional victims of sexual exploitation, witnesses thereto, or other subjects that may have assisted, conspired, or agreed to participate in the sexual exploitation of children.

j.      Records showing the use or ownership of Internet accounts, including evidence of Internet user names, screen names or other Internet user identification.

k.      Computer software, meaning any and all data, information, instructions, programs, or program codes, stored in the form of electronic, magnetic, optical, or other media, which is capable of being interpreted by a computer or its related components. Computer software may also include data, data fragments, or control characters integral to the operation of computer software, such as operating systems software, applications software, utility programs, compilers, interpreters, communications software, and other programming used or intended to be used to communicate with computer components.

l.      Computer-related documentation that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

m.      Computer passwords and data security devices, meaning any devices, programs, or data -- whether themselves in the nature of hardware or software -- that can be used or are designed to be used to restrict access to, or to facilitate concealment of, any computer hardware, computer software, computer-related documentation, or electronic data records.

n.      Records of address or identifying information for Gary M. Goodale and any personal or business contacts or associates of his, (however and wherever written, stored, or maintained), including contact lists, buddy lists, email lists, user IDs, eIDs (electronic ID numbers), and passwords.

o.      Documents and records regarding the ownership and/or possession of electronic media being searched.

p.      The authorization includes the search of the electronic media listed on the face of the warrant, for electronic data to include deleted data, remnant data and slack space.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Lon Ziankoski, having been first duly sworn, do hereby depose and state as follows:

## I.    INTRODUCTION

1.    I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code.

2.    I am a Special Agent with Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since September 2011. I graduated from the Criminal Investigator Training Program and the ICE Special Agent Training programs at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA. I am currently assigned to the HSI resident agent in charge office in Syracuse, NY. I have participated in investigations involving fraud, alien smuggling, narcotics smuggling, child pornography and intellectual property rights. I have conducted or participated in surveillance, execution of search warrants and debriefing of subjects. I have received specialized training in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography, as defined in Title 18 United States Code, Section 2256.

3.    I have not included every fact regarding this investigation in this affidavit. I have only set forth the facts which I believe are necessary to establish probable cause to for the requested search warrant and Order, as further described below.

4.    This affidavit is made in support of an application for a warrant to search the following Subject Electronic Devices:

(a)    HP Pavilion a1025c (S/N: MXK5170CCD)

(b)    Samsung Galaxy S6 model SM-G920A. (IMEI: 359652060637068)

        Item (a) is currently in the custody of the New York State Police, Computer Crimes Unit, Troop D and item (b) is currently in the Oswego County District Attorney's office. As will

be demonstrated in this affidavit, there is probable cause to believe that evidence will be located on the Subject Electronic Devices relating to violations of Title 18, United States Code, Sections 2251(a) (sexual exploitation of a child), and 2252A (receipt, distribution, transmission, and possession of child pornography), hereafter referred to as the Subject Offenses. I submit this affidavit in support of a search warrant authorizing a search of the Subject Electronic Devices for evidence of those crimes, as described in Attachment B, including evidence, fruits, and instrumentalities of the Subject Offenses and personally identifying information confirming the owner of the Subject Electronic Device.

5.      The statements contained in this affidavit are based on my participation in the investigation of this matter, and on information I have received from other members of the New York State Police (NYSP), the Fulton Police Department, and other law enforcement officers with direct knowledge of this investigation. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 18, United States Code, Sections 2251(a) (sexual exploitation of a child), and 2252A (receipt, distribution, transmission, and possession of child pornography), as outlined in Attachment B, are located within the Subject Electronic Devices.

## II.      DETAILS OF THE INVESTIGATION

6.      On May 14, 2017, the Criminal Investigations Division of the City of Fulton Police Department received information that Gary M. Goodale was sexually abusing one minor female child and two minor male children in the County of Oswego, NY.

7.      On May 16, 2017, Investigator Michael Curtis of the city of Fulton Police Department, interviewed Victim 1 (V1), a 9 year-old female child. During the course of that

2

child and two minor male children in the County of Oswego, NY.

7.      On May 16, 2017, Investigator Michael Curtis of the city of Fulton Police Department, interviewed Victim 1 (V1), a 9 year-old female child. During the course of that interview, V1 stated that Goodale would pick V1 up in his car and then go back to Goodale's house. While at the residence, Goodale would shower with V1 and they would wash each other. V1 stated that she would tell him not to but he did it anyways. V1 referred to her vagina as a kitty cat and a penis as a hot dog. V1 further stated that Goodale would force V1 to touch Goodale's hot dog. V1 stated that Goodale uses his finger to touch her kitty cat. V1 stated that he also rubs medicine and white cream on her kitty cat. V1 further stated that Goodale has a vibrating thing with a button that you touch the kitty cat with. V1 stated that she knows what condoms are and they come in fruit flavors and she took one off Goodale's penis. V1 stated that some are made to chew on and eat, and she tried the banana one. V1 stated that Goodale would take pictures of her every time she went to his house, which included pictures of them in the shower. V1 stated that Goodale would use both his new cellular telephone and old cellular telephone to take the pictures and described them as Samsung Galaxy cellular telephones. V1 also stated that Goodale showed her a video on his computer of an unknown minor female child and Goodale nude in a bath tub. V1 stated that Goodale was helping the girl in the video wash her kitty cat.

8.      On May 16, 2017, Investigator Curtis interviewed Victim 2 (V2) a 9 year-old male child. During the course of that interview, V2 stated that while staying at Goodale's residence, Goodale would touch V2's penis. V2 described his penis as the part of his body where pee comes out of. V2 stated that on more than one occasion, Goodale would put his hand down V2's pants and touch his penis. V2 also stated that sometimes Goodale would take his clothes off while touching V2's penis. V2 said that he told Goodale to stop, asking nicely, however Goodale said,

3

9.      On May 16, 2017, Investigator Curtis interviewed Victim 3 (V3), a 10 year old male child born.  During the course of that interview V3 stated that Goodale makes him feel uncomfortable when he is at Goodale's residence. V3 stated that Goodale washes everywhere on V3's body in the bathroom and makes V3 wear a diaper all day long. V3 refers to a penis as a "pee pee." V3 states that Goodale puts his hand and mouth on V3's pee pee. V3 also stated that Goodale inserted his finger inside V3's butt and when Goodale is touching V3's penis a white substance came out of Goodale's penis.

10.     On May 16, 2017, Investigator Michael Curtis interviewed both T.R. the father of V1, and L.C. the mother of V2, and V3.  Both T.R. and L.C. confirmed that Goodale had access to V1 and picked V1 up in a silver Dodge Neon. Both stated Goodale would transport V1 to counseling sessions at Second Chance Therapeutic in Oswego, NY.  Furthermore, both T.R. and L.C. confirmed that Goodale had access to V1, V2 and V3 at his house.  L.C. disclosed that Goodale owns a desktop computer and owns two cell phones, one of which was recently purchased and is a Samsung Galaxy in a clear case. The cell phone descriptions match the ones described by V1 and V2. L.C. further described Goodale's apartment which matches the description of the bathroom as described by V1.

11.     Goodale is currently registered with the New York State Division of Criminal Justice Services, Sex Offender Registry, as a Level 3 registered sex offender, with a designation as a sexually violent offender.  His registration is required as a result of a 1999 conviction in Oswego County Court for Sodomy: Deviate Intercourse With Other Person Less Than Eleven, a class B felony in violation of New York State Penal Law 130.50.  He was sentenced to 8 years incarceration for this conviction.

12.     On May 16, 2017, Hon. David H. Hawthorne, City of Fulton Court, issued a search warrant for the Oswego County residence of Gary M. Goodale, Goodale's person and a 2005

4

Dodge Neon registered to Goodale. A copy of the search warrant and search warrant application are attached hereto as Exhibit 1. The affidavit in support of the search warrant which makes numerous references to the 3 minor victims' by name is available for the Court's examination upon request. The search warrant was executed by members of the City of Fulton Police Department on May 16, 2017. An HP Pavilion a1025c (S/N: MXK5170CCD), and a Samsung Galaxy S6 model SM-G920A, Cellular Telephone (IMEI: 359652060637068) (the Subject Electronic Devices) were, along with various other items, recovered during the execution of the search warrant.

13.     On May 16, 2017, during the execution of the search warrant, Gary Goodale consented to a noncustodial interview at the Fulton Police Station. During the course of the interview Goodale admitted to owning a Dodge Neon and having access to V1, V2, and V3. Goodale stated that he would pick V1 up and take her to counseling sessions. However, Goodale denied engaging in any inappropriate conduct with V1, V2, and V3. Goodale stated that he would wash all the children's hair in the shower but further stated that he was clothed and standing outside the shower when he did so. Goodale also denied touching their genitals. When asked about diapers being found during the search warrant at his residence, Goodale stated that he experimented with A.B.D.L. which stands for adult baby diaper lovers. Goodale had no explanation for why a 2T – 3T diaper was found at his residence.

14.     On June 14, 2017, Investigator Lanning removed the items from Fulton Police Department evidence room and brought the HP Pavilion a1025c (S/N: MXK5170CCD) to the New York State Police (NYSP) Computer Crimes Unit (CCU), Troop D, forensics lab in Oneida, NY for analysis. The Samsung Galaxy S6 model SM-G920A, Cellular Telephone (IMEI: 359652060637068) was sent to the New York State Computer Crimes Unit lab in Albany, NY for analysis.

15.     On October 30, 2017, V1 provided a four-page statement further detailing the sexual abuse she suffered at the hand of Gary Goodale. In addition to the abuse described above, V1 disclosed that Goodale made V1 and V2 put lotion on each other's genitals. V1 further stated that Goodale put his hot dog inside her kitty cat, and it hurt. V1 also stated that Goodale took pictures with his cellular telephone of her nude and of her kitty cat while he held it open. V1 stated that Goodale showed her the pictures he took on his cellular telephone.

16.     On October 31, 2017, V2 provided a two-page statement further detailing the sexual abuse he suffered at the hands of Gary Goodale. In addition to the abuse described above, V2 disclosed that Goodale would take pictures of V2 nude. V2 stated that while he was playing X-Box 1 Goodale removed his clothes and took pictures of him playing X-Box 1 nude using the computer camera. V2 then saw these pictures on Goodale's cellular telephone and computer.

17.     On October 31, 2017, V3 provided a two-page statement further detailing the sexual abuse he suffered at the hands of Gary Goodale.   In addition to the abuse described above, V3 disclosed that Goodale would put diapers on V1, V2, and V3.

18.     As  a result of his conduct with V1, V2, and V3, on November 9, 2017, Goodale was arrested and charged with felony violations of New York State Penal Law Sections 130.35 (Rape in the first degree), 130.50 (Criminal Sexual Act in the first degree), 130.65 (Sexual Abuse in the first degree), 263.05 (Use of a Child in Sexual Performance), 263.15 (Promoting a Sexual Performance by a Child) and a misdemeanor violation of section 260.10 (endangering the welfare of a child).

19.     On January 17, 2018, Oswego County District Attorney Greg Oaks requested that, the Samsung Galaxy S6 model SM-G920A, Cellular Telephone (IMEI: 359652060637068) seized during the search of Goodale on May 16, 2017, be sent to the Oswego County DA's office. The item is currently in storage at this location pending forensic analysis.

20. On January 25, 2018, Investigator Scott Harrington, NYSP CCU Troop D, performed a limited forensic exam on the HP Pavilion a1025c (S/N: MXK5170CCD). Approximately 12,420 images of 43,488 were reviewed and over 600 images were consistent with child pornography were discovered. Browser history revealed search terms of: How do I see what files have been deleted from my hard drive, How to recover deleted files; How to Recover that Photo, Picture or File You Deleted Accidentally; Learn How to Securely Delete Files in Windows; and download site for "eraser". (Eraser is a data removal tool for Windows that overwrites the data several times.) Installed programs included File Shredder 2.5, CCleaner, and Recuva (all have ability to securely erase/remove/overwrite files.) The HP Pavilion a1025c (S/N: MXK5170CCD) is currently located in the NYSP CCU Troop D evidence vault, pending full forensic analysis.

21. On April 20, 2018, your affiant reviewed some of the images found on HP Pavilion a1025c (S/N: MXK5170CCD) during the limited forensic exam performed by Investigator Harrington. Approximately 600 images are consistent with child pornography depicting prepubescent boys and girls. One of the images depicts a nude prepubescent girl displaying her vagina in a lewd and lascivious manner while an adult male hand is seen holding a large double-edged knife. Written on the girl in red as if to depict blood are the words "cut me", "slut", and "hurt me."

22. As a result of the additional information discovered in the investigation since the time the May 2017 state search warrant was authorized, and because there is probable cause to believe that the Subject Electronic Devices will contain images and evidence relating to the sexual exploitation of children, and the receipt, distribution, transmission and possession of those images, authority is requested to search the Subject Electronic Devices seized during the execution of the May 16, 2017, state search warrant, so that they may be fully forensically examined.

### III.    COMPUTERS AND CHILD PORNOGRAPHY

23.    Computers serve four basic functions in connection with child pornography production, communication, distribution, and storage.

24.    Child pornographers can transfer photographs from a camera onto a computer readable format with a device known as a scanner. With the advent of digital cameras, the images can now be transferred directly onto a computer. A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers around the world.

25.    The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several years. These drives can store hundreds of thousands of images at very high resolution.

26.    Modern technology in the past several years has transformed the cellular telephone from a simple mobile telephone device into a mobile mini-computer commonly referred to as a "smart phone" capable of internet access through wireless internet connections as well as cellular telephone signals; built in digital camera and video camera capabilities are common features; video and image storage capabilities can hold thousands of images and hours of video files; and by being able to access the Internet virtually anywhere, digital images and videos taken with a cellular telephone and stored on the cellular telephone can be instantly shared with others by email (phone to computer), text messaging (phone to phone), and uploaded to and displayed on internet websites. Smart phones generally have global positioning satellite (GPS) capabilities that allow the phone to provide directions to destinations, as well as include GPS coordinates in such features as sharing locations on social networking websites and imbedding into the metadata of photographic images the coordinates of where an image was taken.

27.    The Internet and its World Wide Web afford collectors of child pornography several different venues for obtaining, viewing and trading child pornography in a relatively secure and anonymous fashion.

28.    Collectors and distributors of child pornography also use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Google, Yahoo! and Hotmail, among others.  The online services allow a user to set up an account with a remote computing service that provides e mail services as well as electronic storage of computer files in a variety of formats.  A user can set up an online storage account from any computer with access to the Internet.  Evidence of such online storage of child pornography is often found on the user's computer.

29.    As is the case with most digital technology, communications by way of computer can be saved or stored on the computer used for these purposes.  Storing this information can be intentional, i.e., by saving an e mail as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files.  Digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or Internet Service Provider client software, among others).  In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used.  A forensic examiner can often recover evidence which shows that a computer contains peer to peer software, when the computer was sharing files, and even some of the files which were uploaded or downloaded.  Such information may be maintained indefinitely until overwritten by other data.

## IV.    COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

30.    I submit that there is probable cause to believe that the information sought to be seized from the electronic media recovered will still be stored on storage medium, or that evidence

9

thereof may be gained from an analysis of the media for at least the following reasons:

        a.      Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

        b.      Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

        c.      Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. This evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

        d.      Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache." The browser often maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages or if a user takes steps to delete them.

31.    Although some of the records called for by this warrant might be found in the form of user-generated documents (such as word processor, picture, and movie files), computer, smart phone, and digital recording device (cameras) storage media can contain other forms of electronic evidence as well:

a.    Forensic evidence of how computers were used, the purpose of their use, who used them, and when, is called for by this warrant.  Data on the storage medium not currently associated with any file can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).  Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use.  Computer file systems can record information about the dates files were created and the sequence in which they were created.

b.    Forensic evidence on a computer or storage medium can also indicate who has used or controlled the computer or storage medium.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, registry information, configuration files, user profiles, e-mail, e-mail address books, "chat," instant messaging logs, photographs, and correspondence (and the data associated with the foregoing, such as file creation and last accessed dates) may be evidence of who used or controlled the computer or storage medium at a relevant time.

11

c. A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance with particularity a description of the records to be sought, evidence of this type often is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand the evidence described in Attachment A also falls within the scope of the warrant.

e. Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, I know from training and experience that it is possible that malicious software can be installed on a computer, often without the computer user's knowledge, that can allow the computer to be used by others, sometimes without the knowledge of the computer owner. Also, the presence or absence of counter-forensic programs (and associated data) that are designed to eliminate data may be relevant to establishing the user's intent. To investigate the crimes described in this warrant, it might be necessary to investigate whether any such malicious software is present, and, if so, whether the presence of that malicious software might explain the presence of other things found on the storage medium. I mention the possible existence of malicious software as a theoretical possibility, only; I will not know, until a forensic analysis is conducted, whether malicious software is present in this case.

32.     Searching storage media for the evidence described in the attachment may require a range of data analysis techniques. It is possible that the storage media will contain files and information that are not called for by the warrant. In rare cases, when circumstances permit, it is possible to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. For example, it is possible, though rare, for a storage medium to be organized in a way where the location of all things called for by the warrant are immediately apparent. In most cases, however, such techniques may not yield the evidence described in the warrant. For example, information regarding user attribution or Internet use is located in various operating system log files that are not easily located or reviewed. As explained above, because the warrant calls for records of how a computer has been used, what it has been used for, and who has used it, it is exceedingly likely that it will be necessary to thoroughly search storage media to obtain evidence, including evidence that is not neatly organized into files or documents. Just as a search of a premises for physical objects requires searching the entire premises for those objects that are described by a warrant, a search of this premises for the things described in this warrant will likely require a search among the data stored in storage media for the things (including electronic data) called for by this warrant. Additionally, it is possible that files have been deleted or edited, but that remnants of older versions are in unallocated space or slack space. This, too, makes it exceedingly likely that in this case it will be necessary to use more thorough techniques.

## V.     CONCLUSION

33.     Based upon the above information, there is probable cause to believe that evidence of violations of Title 18, United States Code, Sections 2251(a) (sexual exploitation of a child), and 2252A (receipt, distribution, transmission, and possession of child pornography), as outlined in Attachment B of this Affidavit, will be found within the Subject Electronic Devices that are the

13

subject of this warrant as set forth in Attachment A. Therefore, based upon the information contained in this affidavit, your Affiant requests this Court issue the attached search warrant authorizing the search of the contents of the Subject Electronic Devices set forth in Attachment A for the items more particularly described in Attachment B.

Lon Ziankoski, Special Agent
Homeland Security Investigations

Sworn to and subscribed before
me this _____ day of May, 2018

HON. THERESE WILEY DANCKS
United States Magistrate Judge

14

## ATTACHMENT A
## DESCRIPTION OF THE ELECTRONIC ITEMS TO BE SEARCHED

The Subject Electronic Devices:

1) One HP Pavilion a1025c (S/N: MXK5170CCD) currently secured at the New York State Police Computer Crime Unit, Troop D evidence vault, business address: 261 Genesee Street, Oneida, New York, 13421.

2) One Samsung Galaxy S6 model SM-G920A (IMEI: 359652060637068) currently secured at the Oswego County District Attorney's office business address: 39 Churchill Road, Oswego, New York 13126.

**ATTACHMENT B**

Items and information that constitute fruits, evidence and instrumentalities of violations of 18 U.S.C. § 2251(a)(employing, using, persuading, inducing, enticing and coercing a person under the age of eighteen to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct); 18 U.S.C. § 2252A(a)(2)(A) (5)(B) (distribution, receipt and transmission of child pornography); 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

      a.    Any and all visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

      b.    Internet history including evidence of visits to websites that offer visual depictions of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256.

      c.    Correspondence or other documentation identifying persons transmitting through interstate or foreign commerce, including by mail or computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

      d.    Computer and cellular telephone records and evidence identifying who the particular user was who produced, downloaded, transmitted or possessed any child pornography found on any computer, cellular telephone or computer media.

      e.    Correspondence and other matter pertaining to the production, purchase, possession, receipt or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in Title 18 United States Code, Section 2256, and evidence that would assist in identifying any victims of the above-referenced criminal offenses, including address books, names, and lists of names and addresses of minors, or other information pertinent to identifying any minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

      f.    Any and all child erotica, including photographs of children that are not

16

sexually explicit, drawings, sketches, fantasy writings, and notes evidencing an interest in unlawful sexual contact with children, and evidence assisting authorities in identifying any such children.

g.      Any and all records or communications evidencing an intent, or conspiracy, or plan to engage in sexually explicit conduct with a child.

h.      Any and all electronically stored records reflecting personal contact and any other activities with minors.

i.      Any notes, writings or other evidence that would assist law enforcement in identifying additional victims of sexual exploitation, witnesses thereto, or other subjects that may have assisted, conspired, or agreed to participate in the sexual exploitation of children.

j.      Records showing the use or ownership of Internet accounts, including evidence of Internet user names, screen names or other Internet user identification.

k.      Computer software, meaning any and all data, information, instructions, programs, or program codes, stored in the form of electronic, magnetic, optical, or other media, which is capable of being interpreted by a computer or its related components. Computer software may also include data, data fragments, or control characters integral to the operation of computer software, such as operating systems software, applications software, utility programs, compilers, interpreters, communications software, and other programming used or intended to be used to communicate with computer components.

l.      Computer-related documentation that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

m.      Computer passwords and data security devices, meaning any devices, programs, or data -- whether themselves in the nature of hardware or software -- that can be used or are designed to be used to restrict access to, or to facilitate concealment of, any computer hardware, computer software, computer-related documentation, or electronic data records.

17

n. Records of address or identifying information for Gary M. Goodale and any personal or business contacts or associates of his, (however and wherever written, stored, or maintained), including contact lists, buddy lists, email lists, user IDs, eIDs (electronic ID numbers), and passwords.

o. Documents and records regarding the ownership and/or possession of electronic media being searched.

p. The authorization includes the search of the electronic media listed on the face of the warrant, for electronic data to include deleted data, remnant data and slack space.

# Exhibit

# 1

STATE OF NEW YORK
COUNTY OF OSWEGO
CITY COURT
CITY OF FULTON

**SEARCH**
**WARRANT**

IN THE MATTER
OF
THE APPLICATION FOR A
SEARCH WARRANT TO SEARCH
THE PERSON OF
**Gary M. Goodale DOB 05/20/1980**
AND THE RESIDENCE KNOWN AS
**220 Seneca St., Apt. 3**
IN THE CITY OF FULTON,
COUNTY OF OSWEGO,
STATE OF NEW YORK
**A Grey, 2005 Dodge Neon, bearing NY Registration HHD4682, with VIN**
**1B3ES56C45D213355 which is registered to Gary M. Goodale.**

RECEIVED
FULTON CITY COURT
2017 MAY 17  PM 1: 28

**To: Any member of the Oswego County Sheriff's Department, Oswego County District**
**Attorney Investigators, New York State Division of Parole, The New York State Police and**
**the City of Fulton Police Department.**

You are hereby directed to search:

The person of **Gary M. Goodale,** having a date of birth of May 20th, 1980 and described as being a white male, 6'00" tall, 145 pounds with blonde colored hair, and hazel eyes.

The residence known as **220 Seneca St., Apt. 3,** IN THE CITY OF FULTON, COUNTY OF OSWEGO, STATE OF NEW YORK is a single unit apartment in a multi unit dwelling, and it sits on the south side of Seneca St. There are two apartments which face Seneca St. The residence to be searched is on the right side (westernmost end) of the structure, and the main entry door to the apartment is under a small porch. The number "220" is clearly labeled just outside the east door to a separate apartment. The number "3" is clearly labeled and affixed to the railing just outside the main entry door to the west side apartment. The structure is a two story, multi-family dwelling with off white vinyl siding, and two front porches with wooden white posts. The residence to be searched is to include any out buildings, sheds or storage containers on the property and any vehicle found at said residence at the time of said search warrant.

The vehicle to be searched is a grey, four door, **2005 Dodge Neon, bearing NY Registration HHD4682 and a VIN of 1B3ES56C45D213355,** which is registered to Gary Goodale at 220 Seneca St. Apt. 3, Fulton NY 13069

For the following property as described as any an all recording equipment to include cellular telephones, personal and laptop computers, tablets, hard drives, external and internal data storage, compact discs (CD,DVD, Blue Ray), thumb drives, flash drives telephone message services, portable media storage devices, as well as any written and/or printed items and photographs depicting child pornography, as well as any other media device. Said search is to include the forensic analysis and data extraction of the same as well as any documented passwords for the aforementioned devices. Any and all devices that could contain biological and DNA evidence to include clothing, bedding, or any other item in which said evidence could be

identified. Any and all devices, tools, massagers, or objects that are for the purpose of sexual gratification or that can be used for the same purpose to include sexual toys. Said items are to include battery power, electric or manual manipulation devices. Any and all lubricants, lotions, condoms, prophylactic designed for sexual stimulation, enhancement, or for the purpose of medical treatment. Any and all documentation to include files, pay stubs, paperwork or any other proof of employment for Second Chance Therapeutic located in Oswego NY. The abovementioned evidence are indicative in the act of sexual offenses as they relate to section 130 and 260 of the New York State Penal Law.

And if such property is found, you are hereby directed to seize the same and without unnecessary delay, return it to this court together with this warrant and a written inventory of such property subscribed and sworn by you.

If the execution of this search warrant and/or the property seized as part of this search warrant establishes, creates, comprises, or forms part of the evidence used in a criminal prosecution, then the warrant shall be available upon request to the Oswego County District Attorney's Office which shall not re-disclose except by Court Order.

You are hereby authorized to execute this warrant without giving notice of your authority or purpose.

This search warrant issued this _16th_ day of May, 2017.

Time: 7 ⁿ pm

Hon. David Hawthorne
Fulton City Court Judge

RECEIVED
FULTON CITY COURT
2017 MAY 17  PM 1: 28

**STATE OF NEW YORK**
**COUNTY OF OSWEGO**
**CITY COURT**
**CITY OF FULTON**

**APPLICATION**
**FOR**
**SEARCH**
**WARRANT**

IN THE MATTER
· OF
THE APPLICATION FOR A
SEARCH WARRANT TO SEARCH
THE PERSON OF **Gary Melvin Goodale DOB 05/20/1980**
AND THE RESIDENCE KNOWN AS . 220 Seneca St., Apt. 3, IN THE CITY OF
FULTON, COUNTY OF OSWEGO, STATE OF NEW YORK, AS WELL AS THE
VEHICLE REGISTERED TO **Gary M. Goodale a Grey 2005 Dodge Neon,**
**FOUR DOOR BEARING NY REGISTRATION HHD4682 WITH VIN**
**1B3ES56C45D213355**

---

**STATE OF NEW YORK }**
**COUNTY OF OSWEGO } SS:**
**CITY OF FULTON       }**

Inv. Brandon Lanning, being duly sworn, deposes and
says:

Applicant is a police officer of the City of Fulton.
Police Department. Applicant does hereby state that
there is reasonable cause to believe that property of
a kind and character as described in section 690.10 of
the Criminal Procedure Law may be found in or upon a
designated place, person, and/or vehicle.

The facts supporting my statement and the request for
special authority set out below is based upon
information and belief as outlined in the applicant's
sworn affidavit, which is attached hereto.

**A.  Character of property as stolen, unlawfully**
**possessed, used to commit offense, as evidence, etc.** _ιι

The property sought is: unlawfully possessed,
constitutes evidence, tends to demonstrate that an
offense has been and is being committed, and that a
particular person is participating in the commission
of such offense, namely violations of the New York
State Penal Law, Section 130 and 260.

**B. The Property is;**

The property sought to be seized and searched is
described as follows:

(i)   Any an all recording equipment to include
cellular telephones, cameras, personal and laptop
computers, tablets, hard drives, external and internal
data storage, compact discs (CD,DVD, Blue Ray), thumb
drives, flash drives telephone message services,
portable media storage devices, as well as any written
and/or printed items, photographs and videos depicting
child pornography, as well as any other media device.
Said search is to include the forensic analysis and
data extraction of the same as well as any documented
passwords for the aforementioned devices.

(ii) Any and all items that could contain biological
and DNA evidence to include clothing, bedding, or any
other item in which said evidence could be identified.

(iii) Any and all devices, tools, massagers, or
objects that are for the purpose of sexual
gratification or that can be used for the same purpose
to include sexual toys.  Said items are to include
battery power, electric or manual manipulation
devices.

(iv) Any and all lubricants, lotions, condoms,
prophylactic designed for sexual stimulation,
enhancement, or for the purpose of medical treatment.

(v) Any and all documentation to include files, pay
stubs, paperwork or any other proof of employment for
Second Chance Therapeutic located in Oswego NY.

**C. Designation or description of place, vehicle or
person(s) to be searched;**

The person of Gary M. Goodale, who is a white male of
non-Hispanic descent, and who is approximately 6'00"
tall, 145 pounds, with blonde hair, and hazel eyes,
with a date of birth of 5/20/1980.

Also to be searched is the residence of Gary M.
Goodale, which is located at 220 Seneca St., Apt. 3,
in the City of Fulton, County of Oswego, State of New
York. The residence is a single unit apartment in a
multi-family dwelling, and it sits on the south side
of Seneca St.  There are two apartments which face
Seneca St.  The residence to be searched is on the
right side (westernmost end) of the structure, and the
main entry door to the apartment is under a small
porch.  The number "220" is clearly labeled just
outside the east door to a separate apartment. The
number "3" is clearly labeled and affixed to the
railing just outside the main entry door to the west

side apartment. The structure is a two story, multi-family dwelling with off white vinyl siding, two front porches with wooden white posts.

The registered vehicle of Gary M. Goodale is to be searched which is a grey, four door, 2005 Dodge Neon, bearing New York Registration HHD4682 with a Vehicle identification number of 1B3ES56C45D213355.   Said vehicle is registered to Gary M. Goodale with a DOB of 05/20/1980 and is registered to the address of 220 Seneca St. Apt. 3, Fulton NY 13069.

**D. Source of information and basis of belief;**

The source of my information and grounds for belief are based upon information and belief as further outlined in the sworn affidavit of this applicant, a sworn deposition from Loretta Cole and Terri Richardson, copies of which are attached hereto.

I therefore request that the court issue a search warrant directing the search as set forth in section C of this application for property described and set forth in sections A and B of this application and the seizure thereof.

I **further request that such warrant authorize the**
**executing police officers to execute said warrant**
**without giving notice of his authority or purpose**
**based on the following facts:**

The nature of the property sought, particularly
computer, electronic, and electronic storage equipment
can readily be destroyed by persons subject to said
warrant.  Giving warning or notice of police presence
would allow the destruction of evidence and/or
increase the chance that the subject would attempt to
flee from police, increasing the risk of harm to the
subject of the search warrant and officers assigned to
execute said warrant.

Inv. Brandon Lanning

Subscribed and sworn to
Before me on this _16th___
Day of May 2017.

Honorable David H. Hawthorne
City of Fulton Court